## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

OSCAR VILLANUEVA, individually and on behalf
of all others similarly situated,

**CLASS ACTION**

   *Plaintiff*,

**Case No.**

vs.

**JURY TRIAL DEMANDED**

POST UNIVERSITY, INC.

   *Defendant*.

_____/

## CLASS ACTION COMPLAINT

1.     Plaintiff, Oscar Villanueva ("Plaintiff"), brings this action against Defendant, Post University, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3.     This case arises from Defendant's transmission of prerecorded voice messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4.     Defendant is a for-profit educational institution that provides degree programs and educational services to consumers, based out of Connecticut.

5.    To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

6.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

<u>**JURISDICTION AND VENUE**</u>

7.    Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8.    Venue is proper in the United States District Court of the District of Connecticut pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered within this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred from within the District of Connecticut and, on information and belief, Defendant has sent the same prerecorded voice messages and text messages

complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the District of Connecticut.

## PARTIES

9.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Saint Lucie County, Florida.

10.     Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 5636 ("5636 Number") that received Defendant's telephonic sales calls and text messages.

11.     Defendant is a Connecticut corporation with its principal place of business located at 800 Country Club Rd., Waterbury, CT, 06708, United States.

12.     Defendant directs, markets, and provides its business activities throughout the State of Connecticut.

13.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14.     On or about January 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 5636 Number, including but not limited to those sent on January 5, 2026 and January 7, 2026, as shown below:



15.     On January 8, 2026, Plaintiff responded to the unsolicited telemarketing text messages sent by Defendant by replying "Stop", using clear and unambiguous opt-out language to opt out of future telemarketing communications (as shown above).

16.     Despite Plaintiff's clear wishes to end all communications, Defendant deliberately continued its campaign by placing calls to Plaintiff's 5636 Number from different telephone

numbers in an apparent attempt to circumvent Plaintiff's opt-out request. These violations include, but are not limited to, prerecorded calls delivered from multiple telephone numbers.

17.    On January 13, 2026, Defendant called Plaintiff's 5636 Number from telephone number (203) 591-7493. When Plaintiff did not answer, Defendant left a voicemail containing a prerecorded message, as shown below:



18.　　On or about January 14, 2026, Defendant again called Plaintiff's cellular telephone number from a different telephone number, (203) 591-7116. Defendant left a prerecorded voicemail with telemarketing information, as shown below:



19.　　On January 24, 2026, Defendant placed another call to Plaintiff's 5636 Number from telephone number (203) 591-7409, leaving a prerecorded message promoting Defendant's services, as shown below:



20.    On January 27, 2026, Defendant placed another call to Plaintiff's 5636 Number from a fourth different telephone number, (203) 591-7483, leaving yet another unsolicited prerecorded message despite Plaintiff's explicit opt-out request, as shown below:



21.    On or about January 28, 2026, Defendant again called Plaintiff's 5636 Number, this time recycling a previously used telephone number, (203) 591-7116, which had already been used to violate Plaintiff's opt-out request on January 14, 2026. Defendant left another prerecorded voicemail, demonstrating a persistent and systematic disregard for Plaintiff's explicit opt-out request, as shown below:



22.     On January 29, 2026, demonstrating persistent disregard for Plaintiff's explicit opt-out request, Defendant called Plaintiff's 5636 Number from a fifth different telephone number, (203) 596-6173, again leaving a prerecorded voicemail message, as shown below:



23.    The prerecorded calls Plaintiff received originated from telephone numbers: (203) 591-7493, (203) 591-7116, (203) 591-7409, (203) 591-7483, (203) 596-6173, and short code number 45993, telephones numbers owned and/or operated by or on behalf of Defendant.

24.    Defendant has the capability of immediately complying with Plaintiff's opt-out request.

25.     As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant to "Stop", but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

26.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

27.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list. In fact, Plaintiff, through counsel, made a request to Defendant's counsel for a copy of Defendant's do-not-call list policy, but received no response from Defendant.

28.     Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's "Stop" opt-out instruction.

29.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

30.     Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not maintain an internal do-not-call list.

31.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative prerecorded voicemails it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request and it was never processed; it was ignored by Defendant and its employees.

32.     These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

33.     Indeed, Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

34.     The prerecorded calls at issue were transmitted to Plaintiff's cellular telephone within the time frame relevant to this action.

35.     When Plaintiff listened to the voicemail, he was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

36.     Defendant's prerecorded calls and text messages constitute telemarketing because they encourage the future purchase or investment in property, goods, and/or services, i.e., Defendant's educational services.

37.     Defendant sent or caused to be sent the prerecorded voice calls and text messages from within this judicial district and, therefore, Defendant's violation of the TCPA occurred from within this district. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial district.

38.     Defendant's calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

39.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted with a prerecorded call.

40.    Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's cellular telephone with marketing calls using a prerecorded voice.

41.    Plaintiff has no existing business relationship with Defendant.

42.    Plaintiff is the subscriber and sole user of the 5636 Number and is financially responsible for it.

43.    To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least January 8, 2026 when Plaintiff responded to Defendant with the message "Stop."

44.    Plaintiff's 5636 Number is his cellular telephone number used for personal purposes. Plaintiff's number is his primary way of being contacted in his home.

45.    Plaintiff registered his 5636 Number with the national do-not-call registry on May 5, 2005, and has been registered at all times relevant to this action.

46.    Defendant unsolicited prerecorded call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. *See Patriotic Veterans, Inc. v. Zoeller*, No. 16- 2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

47.    Defendant's unsolicited voice messages and text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted five minutes reviewing all of Defendant's unwanted texts and calls.

48.    Furthermore, Defendant's voice messages took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of

ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up.

49.     Defendant's voice messages also can slow cell phone performance by taking up space on the recipient phone's memory.

## CLASS ALLEGATIONS

### PROPOSED CLASS

50.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

51.     Plaintiff brings this case on behalf of a Classes defined as follows:

**Prerecorded Voice Class: All persons in the United States who, within four years prior to the filing of this action through the date of class certification, were sent a prerecorded voice call on their cellular telephone by or on behalf of Defendant regarding or related to Defendant's property, goods, and/or services, without their prior express written consent.**

**Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

**National Internal Do Not Call Class:  From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

52.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more.

**Numerosity**

53.     Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent and to numbers registered on the Do Not Call registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

54.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**Common Questions of Law and Fact**

55.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a.  Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiff's and Class members' cellular telephones;

b.   Whether Defendant violated 47 C.F.R. § 64.1200(c) by calling numbers on the Do Not Call Registry;

c.  Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

  d. Whether Defendant violated the privacy rights of Plaintiff and members of the classes;

  e. Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

  f. Whether Defendant keeps records of text recipients who revoked consent to receive texts;

  g. Whether Defendant has any written policies for maintaining an internal do not call list;

  h. Whether Defendant's conduct was knowing and willful;

  i. Whether Defendant is liable for damages, and the amount of such damages; and

  j. Whether Defendant should be enjoined from such conduct in the future.

56. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

57. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**Proceeding Via Class Action is Superior and Advisable**

59.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227(b)(1)(A)**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

61.     Plaintiff re-alleges and incorporates paragraphs 1-60 as if fully set forth herein.

62.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

63.     Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

64.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

65.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

66.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

67.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

68.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**<u>COUNT II</u>**
**<u>Violation of the TCPA 47 U.S.C. § 227</u>**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

69.    Plaintiff repeats and re-alleges paragraphs 1 through 60 of this Complaint and incorporates them by reference herein.

70.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

71.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

72.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

73.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

74.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278,    Report    and    Order,    18    FCC    Rcd    14014    (2003)    Available    at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

76.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT III**
**VIOLATION OF 47 U.S.C. § 227(c)(2)**
**(Individually and on behalf of the National Internal Do Not Call Class)**

77.     Plaintiff re-alleges and incorporates paragraphs 1 through 60 as if fully set forth herein.

78.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

79.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity. The procedures instituted must meet certain

minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

80.     Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are

applicable to any person or entity making telephone solicitations or telemarketing calls to wireless

telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

81.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant

not to receive telemarketing messages from Defendant.

82.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members'

requests.

83.    Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

84.    Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

85.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

86.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

87.    Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

88.    Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT IV
## Knowing and/or Willful Violation of the TCPA
### (On Behalf of Plaintiff and the Class)

89.    Plaintiff re-alleges and incorporates paragraphs 1-60 as if fully set forth herein.

90.    At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

91.     Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls and knew or should have known that its conduct was a violation of the TCPA.

92.     Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that calling such numbers violated federal regulations.

93.     Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its prerecorded calls and that their numbers were on the National Do Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA and § 227(c)(5) of the TCPA.

94.     As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a.  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

d. An injunction requiring Defendant to cease all unsolicited calling activity to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Class;

e. An award of actual and statutory damages for Plaintiff and each member of the Classes;

f. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 26, 2026

**REARDON SCANLON LLP**
*/s/ James J. Reardon, Jr.*
James J. Reardon, Jr. (ct13802)
james.reardon@reardonscanlon.com
45 S. Main St., 3rd Flr.
West Hartford, CT 06107
Tel.: (860) 955-9455
Fax: (860) 920-5242

**SHAMIS & GENTILE P.A.**
*/s/ Christopher E. Berman*
Christopher E. Berman, Esq.*
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Tel.: 305-479-2299

*\* pro hac vice forthcoming*

*Counsel for Plaintiff and the Classes*