**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OSCAR VILLANUEVA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>POST UNIVERSITY, INC.,<br><br>*Defendant*. | Case No. 3:26-cv-00299-VAB |

# POST UNIVERSITY, INC.'S ANSWER TO CLASS ACTION COMPLAINT

Defendant Post University, Inc. ("Defendant" or the "University"), by and through its attorneys, hereby answers the Class Action Complaint and Demand for Jury Trial (the "Complaint") of Plaintiff Oscar Villanueva, individually and on behalf of all others similarly situated ("Plaintiff"), paragraph by paragraph as follows. Except as expressly admitted herein, Defendant denies each and every allegation in the Complaint.

1. Plaintiff, Oscar Villanueva ("Plaintiff"), brings this action against Defendant, Post University, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**ANSWER:** The allegations of paragraph 1 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

**ANSWER:** The allegations of paragraph 2 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

3. This case arises from Defendant's transmission of prerecorded voice messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

**ANSWER:** Defendant denies that it made pre-recorded calls to Plaintiff's cellular phone number in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, ("TCPA"). The allegations of paragraph 3 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

4. Defendant is a for-profit educational institution that provides degree programs and educational services to consumers, based out of Connecticut.

**ANSWER:** Defendant admits paragraph 4 of the Complaint.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

**ANSWER:** The allegations of paragraph 5 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it engages in "aggressive unsolicited telemarketing". Defendant denies it engages in "aggressive marketing to push its products and services" but instead responds to prospective students who have requested information

from the University concerning its educational programs. The University denies any remaining allegations in this paragraph.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

**ANSWER:** The allegations of paragraph 6 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

**ANSWER:** Defendant admits the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, the remaining allegations of paragraph 7 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein and that this dispute is suitable for a Class Action Fairness Act ("CAFA").

8. Venue is proper in the United States District Court of the District of Connecticut pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered within this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the District of Connecticut and, on information and belief, Defendant has sent the same prerecorded voice messages and text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the District of Connecticut.

**ANSWER:** Defendant admits only that venue is permissible in this District but denies the remaining allegations of paragraph 8.

**PARTIES**

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Saint Lucie County, Florida.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, and on that basis denies them.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 5636 ("5636 Number") that received Defendant's telephonic sales calls and text messages.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint, and on that basis denies them.

11. Defendant is a Connecticut corporation with its principal place of business located at 800 Country Club Rd., Waterbury, CT, 06708, United States.

**ANSWER:** Defendant admits paragraph 11 of the Complaint.

12. Defendant directs, markets, and provides its business activities throughout the State of Connecticut.

**ANSWER:** Defendant admits paragraph 12 of the Complaint.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**ANSWER:** The allegations of paragraph 13 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies that its name includes all identities listed in this paragraph.

## FACTUAL ALLEGATIONS

14. On or about January 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 5636 Number, including but not limited to those sent on January 5, 2026 and January 7, 2026, as shown below:




**ANSWER:** Defendant admits only that on or around January 2026, Post University caused to be sent text messages to the telephone number that Plaintiff claims to be assigned to him, and that these text messages were sent in direct response to an online inquiry the University received in

Plaintiff's name and providing the telephone number at issue. Defendant denies any remaining allegations in this paragraph.

15. On January 8, 2026, Plaintiff responded to the unsolicited telemarketing text messages sent by Defendant by replying "Stop", using clear and unambiguous opt-out language to opt out of future telemarketing communications (as shown above).

**ANSWER:** Defendant admits only that Plaintiff sent a message containing the word "STOP" in response to Post University text messages and denies any other allegations in this paragraph. Post further states that opt-out confirmation message Plaintiff received after replying "STOP" informed Plaintiff that he had successfully opted out of the specific text alert Program, rather than all communications generally, and the Terms to which he agreed when he requested information from the University clearly state:

> Please also note that replying "STOP" to any Program short code text message (i.e., text messages from short code 697678) will only result in opting out of Program text messages from the 697678 short code (or the short code then being used by Post University), and will not affect or otherwise opt you out of receiving other communications from Post University, including, but not limited to, emails, voice telephone calls (including live voicemails and/or voicemail drops) or text messages sent from another telephone number. For example, a Post University admissions counselor may be separately communicating with you via text message about your interest in Post University, and texting "STOP" to a Program message will not opt you out of this separate communication. If you wish to opt out of receiving all telephonic communications from Post University, you should instruct the Post University admissions counselor you are working with to place you on Post University's internal do-not-call list. Post may also utilize assistive voice technologies, such as the ability of Post personnel to play sound files when they leave a voicemail. You consent to Post's use of such technology, and further agree that if any dispute arises between the parties concerning such technology, the fact that you received a voicemail using prerecorded voice technology compared to a "live" voicemail message cannot serve as the basis of any claim of any injury.

*Available* at https://post.edu/terms/.

16. Despite Plaintiff's clear wishes to end all communications, Defendant deliberately continued its campaign by placing calls to Plaintiffs 5636 Number from different telephone numbers in an apparent attempt to circumvent Plaintiff's opt-out request. These violations include, but are not limited to, prerecorded calls delivered from multiple telephone numbers.

**ANSWER:** The allegations of paragraph 16 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

17. On January 13, 2026, Defendant called Plaintiff's 5636 Number from telephone number (203) 591-7493. When Plaintiff did not answer, Defendant left a voicemail containing a prerecorded message, as shown below:




**ANSWER:** Defendant admits only that it called Plaintiff and left a voicemail after he submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.

18. On or about January 14, 2026, Defendant again called Plaintiff's cellular telephone number from a different telephone number, (203) 591-7116. Defendant left a prerecorded voicemail with telemarketing information, as shown below:




**ANSWER:** Defendant admits only that it called Plaintiff and left a voicemail after he, or someone in his name, submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.

19. On January 24, 2026, Defendant placed another call to Plaintiff's 5636 Number from telephone number (203) 591-7409, leaving a prerecorded message promoting Defendant's services, as shown below:




**ANSWER:** Defendant admits only that it called Plaintiff and left a voicemail after he, or someone in his name, submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.

20. On January 27, 2026, Defendant placed another call to Plaintiffs 5636 Number from a fourth different telephone number, (203) 591-7483, leaving yet another unsolicited prerecorded message despite Plaintiff’s explicit opt-out request, as shown below:




**ANSWER:** Defendant admits only that it called Plaintiff and left a voicemail after he, or someone in his name, submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.

21. On or about January 28, 2026, Defendant again called Plaintiff's 5636 Number, this time recycling a previously used telephone number, (203) 591-7116, which had already been used to violate Plaintiff's opt-out request on January 14, 2026. Defendant left another

prerecorded voicemail, demonstrating a persistent and systematic disregard for Plaintiffs explicit opt-out request, as shown below:



**ANSWER:** Defendant admits only that it called Plaintiff and left a voicemail after he, or someone in his name, submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.

22. On January 29, 2026, demonstrating persistent disregard for Plaintiff's explicit opt-out request, Defendant called Plaintiff's 5636 Number from a fifth different telephone number, (203) 596-6173, again leaving a prerecorded voicemail message, as shown below:



**ANSWER:** Defendant admits only that it voluntarily called Plaintiff and left a voicemail after he, or someone in his name, submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.

23. The prerecorded calls Plaintiff received originated from telephone numbers: (203) 591-7493, (203) 591-7116, (203) 591-7409, (203) 591-7483, (203) 596-6173, and short code number 45993, telephones numbers owned and/or operated by or on behalf of Defendant.

**ANSWER:** Defendant admits it caused calls to be sent from these phone numbers, but denies that the short code was used to send calls. Short codes are strictly used for text messages, not telephone calls.

24. Defendant has the capability of immediately complying with Plaintiffs opt-out request.

**ANSWER:** Defendant currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint, and on that basis denies them.

25. As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant to "Stop", but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

**ANSWER:** Denied. Plaintiff's own allegations and screenshots above clearly contradict this boilerplate allegation. The University responded to Plaintiff's "STOP" request with an opt-out confirmation message confirming he had been opted out of the short code program messages,

and then stopped sending any further such messages, as requested.

26. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

**ANSWER:** Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list. In fact, Plaintiff, through counsel, made a request to Defendant's counsel for a copy of Defendant's do-not-call list policy, but received no response from Defendant.

**ANSWER:** Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's "Stop" opt-out instruction.

**ANSWER:** Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant's refusal to honor Plaintiffs opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

**ANSWER:** Defendant denies the allegations of paragraph 29 of the Complaint, including the legal conclusion that it engages in telemarketing.

30. Defendant's refusal to honor Plaintiffs opt-out request demonstrates that Defendant does not maintain an internal do-not-call list.

**ANSWER:** Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative prerecorded voicemails it sent to Plaintiff

as reflected by the fact that Plaintiff made an opt-out request and it was never processed; it was ignored by Defendant and its employees.

**ANSWER:** Defendant denies the allegations of paragraph 31 of the Complaint.

32. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

**ANSWER:** Defendant denies the allegations of paragraph 32 of the Complaint.

33. Indeed, Plaintiffs and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

**ANSWER:** Defendant denies the allegations of paragraph 33 of the Complaint.

34. The prerecorded calls at issue were transmitted to Plaintiffs cellular telephone within the time frame relevant to this action.

**ANSWER:** Defendant admits paragraph 34 of the Complaint.

35. When Plaintiff listened to the voicemail, he was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 of the Complaint, and on that basis denies them.

36. Defendant's prerecorded calls and text messages constitute telemarketing because they encourage the future purchase or investment in property, goods, and/or services, i.e., Defendant's educational services.

**ANSWER:** The allegations of paragraph 36 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

37. Defendant sent or caused to be sent the prerecorded voice calls and text messages from within this judicial district and, therefore, Defendant's violation of the TCPA occurred from within this district. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial district.

**ANSWER:** The allegations of paragraph 37 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

38. Defendant's calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

**ANSWER:** Admitted.

39. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted with a prerecorded call.

**ANSWER:** Denied.

40. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiffs cellular telephone with marketing calls using a prerecorded voice.

**ANSWER:** Denied.

41. Plaintiff has no existing business relationship with Defendant.

**ANSWER:** Denied.

42. Plaintiff is the subscriber and sole user of the 5636 Number and is financially responsible for it.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 of the Complaint, and on that basis denies them.

43. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least January 8, 2026 when Plaintiff responded to Defendant with the message "Stop."

**ANSWER:** The allegations of paragraph 43 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

44. Plaintiffs 5636 Number is his cellular telephone number used for personal purposes. Plaintiff's number is his primary way of being contacted in his home.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of the Complaint, and on that basis denies them.

45. Plaintiff registered his 5636 Number with the national do-not-call registry on May 5, 2005, and has been registered at all times relevant to this action.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the Complaint, and on that basis denies them.

46. Defendant unsolicited prerecorded call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. *See Patriotic Veterans, Inc. v. Zoeller*, No. 16- 2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3,

2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

**ANSWER:** The allegations of paragraph 46 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

47. Defendant's unsolicited voice messages and text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted five minutes reviewing all of Defendant's unwanted texts and calls.

**ANSWER:** The allegations of paragraph 47 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

48. Furthermore, Defendant's voice messages took up memory on Plaintiffs cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up.

**ANSWER:** The allegations of paragraph 48 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

49. Defendant's voice messages also can slow cell phone performance by taking up space on the recipient phone's memory.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of the Complaint, and on that basis denies them.

## CLASS ALLEGATIONS

### PROPOSED CLASS

50. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

**ANSWER:** The allegations of paragraph 50 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

51. Plaintiff brings this case on behalf of a Classes defined as follows:

> **Prerecorded Voice Class: All persons in the United States who, within four years prior to the filing of this action through the date of class certification, were sent a prerecorded voice call on their cellular telephone by or on behalf of Defendant regarding or related to Defendant's property, goods, and/or services, without their prior express written consent.**
>
> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**
>
> **National Internal Do Not Call Class: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

**ANSWER:** The allegations of paragraph 51 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

52. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more.

**ANSWER:** The allegations of paragraph 52 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 of the Complaint, and on that basis denies them.

**NUMEROSITY**

53. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent and to numbers registered on the Do Not Call registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER:** The allegations of paragraph 53 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

54. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**ANSWER:** The allegations of paragraph 54 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

55. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a. Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiffs and Class members' cellular telephones;

b. Whether Defendant violated 47 C.F.R. § 64.1200(c) by calling numbers on the Do Not Call Registry;

c. Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

d. Whether Defendant violated the privacy rights of Plaintiff and members of the classes;

e. Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

f. Whether Defendant keeps records of text recipients who revoked consent to receive texts;

g. Whether Defendant has any written policies for maintaining an internal do not call list;

h. Whether Defendant's conduct was knowing and willful;

i. Whether Defendant is liable for damages, and the amount of such damages; and

j. Whether Defendant should be enjoined from such conduct in the future.

**ANSWER:** The allegations of paragraph 55 and subparts of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

56. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**ANSWER:** The allegations of paragraph 56 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 56 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

**TYPICALITY**

57. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ANSWER:** The allegations of paragraph 57 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

**<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>**

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

**<u>PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE</u>**

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**ANSWER:** The allegations of paragraph 59 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

60. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas

another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**ANSWER:** The allegations of paragraph 60 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

**COUNT I**
**Violation of the TCPA 47 U.S.C. 227(b)(1)(A)**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

61. Plaintiff re-alleges and incorporates paragraphs 1-60 as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference its responses to paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

62. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** The allegations of paragraph 62 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

63. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 of the Complaint, and on that basis denies

them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

64. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

**ANSWER:** Defendant denies the allegations of paragraph 64 of the Complaint.

65. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

**ANSWER:** The allegations of paragraph 65 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

66. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

**ANSWER:** The allegations of paragraph 66 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

67. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

**ANSWER:** The allegations of paragraph 67 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

## PRAYER FOR RELIEF

68. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant further denies that class certification is appropriate in this case.

## COUNT II
## Violation of the TCPA 47 U.S.C. § 227
## (On Behalf of the Plaintiff and the Do Not Call Registry Class)

69. Plaintiff repeats and re-alleges paragraphs 1 through 60 of this Complaint and incorporates them by reference herein.

**ANSWER:** Defendant incorporates by reference its responses to paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

70. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER:** The allegations of paragraph 70 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 70 of the Complaint, and denies that it has violated the TCPA.

71. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

**ANSWER:** The allegations of paragraph 71 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 71 of the Complaint and denies that it has violated the TCPA.

72. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

**ANSWER:** The allegations of paragraph 72 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 72 of the Complaint and denies that it has violated the TCPA.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving_ telephone solicitations to which they object. 47 U.S.C. § 227(c).

**ANSWER:** The allegations of paragraph 73 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 73 of the Complaint, and denies that it has violated the TCPA.

74. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER:** The allegations of paragraph 74 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 74 of the Complaint and denies that it has violated the TCPA.

75. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages

and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

**ANSWER:** The allegations of paragraph 75 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 75 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

76. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**ANSWER:** The allegations of paragraph 76 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 76 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(c)(2)
### (Individually and on behalf of the National Internal Do Not Call Class)

77. Plaintiff re-alleges and incorporates paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference its responses to paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

78. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

**ANSWER:** The allegations of paragraph 78 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 78 of the Complaint, denies that it has violated the TCPA.

79. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

**ANSWER:** The allegations of paragraph 79 and subparts of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 79 of the Complaint and denies that it has violated the TCPA.

80. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

**ANSWER:** The allegations of paragraph 80 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 80 of the Complaint, denies that it has violated the TCPA.

81. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 81 of the Complaint, and on that basis denies them.

82. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 82 of the Complaint, and on that basis denies them.

83. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

**ANSWER:** Defendant denies the allegations in paragraph 83 of the Complaint.

84. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

**ANSWER:** The allegations of paragraph 84 of the Complaint constitute legal contentions and conclusions, opinions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

85. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** The allegations of paragraph 85 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 85 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

86. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** The allegations of paragraph 86 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is

required, Defendant denies the allegations of paragraph 86 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

87. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

**ANSWER:** The allegations of paragraph 87 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 87 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

88. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** The allegations of paragraph 88 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 88 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

**COUNT IV**
**Knowing and/or Willful Violation of the TCPA**
**(On Behalf of Plaintiff and the Class)**

89. Plaintiff re-alleges and incorporates paragraphs 1-60 as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference its responses to paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

90. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

**ANSWER:** Defendant denies the allegations of paragraph 90 of the Complaint and denies that it has violated the TCPA.

91. Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls and knew or should have known that its conduct was a violation of the TCPA.

**ANSWER:** Defendant denies the allegations of paragraph 91 of the Complaint and denies that it has violated the TCPA.

92. Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that calling such numbers violated federal regulations.

**ANSWER:** Defendant denies the allegations of paragraph 92 of the Complaint.

93. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its prerecorded calls and that their numbers were on the National Do Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA and § 227(c)(5) of the TCPA.

**ANSWER:** The allegations of paragraph 93 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 93 of the Complaint. Defendant denies that it has violated the TCPA and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

94. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5).

**ANSWER:** The allegations of paragraph 94 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 94 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

d. An injunction requiring Defendant to cease all unsolicited calling activity to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Class;

e. An award of actual and statutory damages for Plaintiff and each member of the Classes;

f. Such further and other relief as the Court deems necessary.

Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant further denies that class certification is appropriate in this case.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant further denies that class certification is appropriate in this case.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Defendant will take reasonable steps as required to preserve relevant information and documents in its possession related to this matter.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the claim included in the Complaint, Defendant sets forth the following defenses and/or affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant is barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by another party for which Defendant cannot be vicariously liable.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer a concrete injury traceable to Defendant's alleged violation of the TCPA because he is in fact, at least in part complaining about voicemail messages, which are necessarily all prerecorded by the time the recipient listens to such messages.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred because Defendant has complied with all of the statutory and/or regulatory requirements under 47 U.S.C. § 227.

## FIFTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on his behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Defendant to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred because, upon information and

belief, Plaintiff expressly invited Defendant to call him, did not later revoke, or properly revoke, his authorization to be called by Defendant or follow reasonable procedures for doing so, and did not suffer any injury by receiving the calls he requested.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff agreed to arbitrate any dispute with the University concerning the claims at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged calls at issue are excepted from, do not fall within the purview of, and/or were not subject to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## NINTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met, including, but not limited to, that individual issues predominate over issues common to the putative class, putative class members Plaintiff seeks to represent are subject to agreements to arbitrate any claims that would be encompassed by Plaintiff's claims here, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## TENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon all other provable defenses available at trial and developed in discovery.

April 24, 2026.

/s/ Michael S. Cryan
Michael S. Cryan (Federal Bar No. ct17306)
ArentFox Schiff LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Tel.: (212) 484-3900
Fax: (212) 484-3990
michael.cryan@afslaw.com

Adam D. Bowser *
Andrea M. Gumushian *
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel.: (202) 857-6000
Fax: (202) 857-6395
adam.bowser@afslaw.com
andrea.gumushian@afslaw.com
*pro hac vice forthcoming

*Counsel for Defendant,*
*Post University, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will serve notice of such filing upon the individuals listed below:

REARDON SCANLON LLP

James J. Reardon, Jr. (ctl3802)
james.reardon@reardonscanlon.com
45 S. Main St., 3rd Fir.
West Hartford, CT 06107
Tel.: (860) 955-9455
Fax: (860) 920-5242

*SHAMIS & GENTILE P.A.*
*Christopher E. Berman, Esq.**
*cberman@shamisgentile.com*
*14 NE 1st Ave., Suite 705*
*Miami, Florida 33132*
*Tel.: (305)479-2299*
** pro hac vice forthcoming*

*Counsel for Plaintiff, Oscar Villanueva*
*and the Class*

/s/ Michael S. Cryan
Michael S. Cryan